

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00386-CR

**KEITH SHIRODD SINGLETON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 27936 A-1

## MEMORANDUM  OPINION

Appellant Keith Shirodd Singleton entered a plea of guilty to the offense of manufacture or delivery of a controlled substance, and the trial court assessed his punishment at sixty years' imprisonment. Singleton appealed his sentence, and the appeal was dismissed because the notice of appeal was untimely filed. *See Singleton v. State*, No. 10-17-00243-CR, 2017 WL 4079629 (Tex. App.—Waco Sept. 13, 2017, no pet.). Singleton then filed a petition for a writ of habeas corpus that was granted by the Court of Criminal Appeals. *See Ex parte Singleton*, No. WR-89,793-02, 2019 WL 4318456 (Tex.

Crim. App. Sept. 11, 2019). The Court of Criminal Appeals found that Singleton received ineffective assistance of counsel and allowed him to file an out-of-time appeal. We affirm the trial court's judgment.

Singleton's currently appointed counsel filed a motion to withdraw and an *Anders* brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. *See Anders v. California*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders v. California*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n. 10 (1988). After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Counsel's motion to withdraw from representation of Singleton is granted.

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Affirmed
Opinion delivered and filed February 19, 2020
Do not publish
[CRPM]

